UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VALENTINA BOTTI : | |
| : | CIVIL ACTION NO. |
| PLAINTIFF : | 3:21-cv-01304-KAD |
| : | |
| v. : | |
| : | |
| YALE UNIVERSITY : | |
| : | January 5, 2022 |
| : | |
| DEFENDANT : | |

## ANSWER AND SPECIAL DEFENSE

Defendant, Yale University, hereby responds to plaintiff's Complaint, dated October 1, 2021, as follows:

1-2. The defendant admits that the plaintiff is a former associate research scientist at Yale University. The remaining allegations contained in Paragraphs 1 and 2 do not require a response.

3-5. The defendant admits that this Court has subject matter and personal jurisdiction and that venue is appropriate.

6. The allegations contained in Paragraph 6 are denied.

7. The defendant denies knowledge or information sufficient to form a belief as to the date the plaintiff received the documents attached to the complaint as Exhibit E1.

8. The allegations contained in Paragraph 8 are denied.

9. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10. The allegations contained in Paragraph 10 are admitted.

11-14.    The allegations contained in Paragraphs 11, 12, 13, and 14 are admitted.

15.    The allegations contained in Paragraph 15 are admitted, except it is denied that the position of post-doctoral associate is also known as associate research scientist.

16-18.    The allegations contained in Paragraphs 16, 17, and 18 are admitted.

19.    The allegations contained in Paragraph 19 are admitted, except it is denied that the plaintiff was promoted one year ahead of the typical schedule.

20.    The defendant admits that Dr. Botti was promoted after her fifth year. The remaining allegations contained in Paragraph 20 are denied.

21.    The allegations contained in Paragraph 21 are denied as stated; the defendant admits that Dr. Botti held the position of associate research scientist from the time of her appointment to that position until her termination, which became effective on January 31, 2020.

22.    The allegations contained in Paragraph 22 are admitted.

23.    The allegations contained in Paragraph 23 are denied as stated; defendant admits that all of Dr. Botti's appointments were for one year, and that her compensation was intended to be paid from an NIH grant.

24.    The defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24.

25.    The allegations contained in Paragraph 25 are denied.

26-28.    The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 26, 27, and 28.

29.    The defendant denies the allegations contained in Paragraph 29, except to admit that Dr. Botti informed Dr. Neugebauer of some of her symptoms at various points in time.

30-31. The allegations contained in Paragraphs 30 and 31 are denied, except to admit that at various times during October, 2019 and November, 2019 Dr. Botti took time off from work. The nature of Dr. Botti's work was such that she could not perform her duties remotely.

32. Paragraph 32 is denied as stated. The defendant admits that, on or about November 4, 2019, Dr. Neugebauer told the plaintiff in a "slack" message: "But, Valentina, you must have a long-term illness. You need to get a diagnosis from a GI specialist. I do not think you should come back to the lab until you have done this."

33. Paragraph 33 is denied as stated. The defendant admits that, on or about November 6, 2019, after Dr. Botti indicated that she was feeling better, Dr. Neugebauer then asked whether the plaintiff planned to come in to the lab on the following day, and the plaintiff responded in the affirmative. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegation that the plaintiff attempted to go to work in person on November 7, 2019.

34. The defendant admits that the plaintiff began to inquire about a leave of absence in December, 2019, after being informed that she was being terminated.

35. The defendant admits that the plaintiff eventually provided a letter from her health care provider, but only after she was requested several times to provide it following an extended absence; defendant refers to that letter for the contents thereof.

36. The allegations contained in Paragraph 36 are denied as stated; however, the defendant admits that, consistent with the defendant's policies, Dr. Botti was asked to obtain a letter from her doctor indicating the length of time her doctor expected her to be out of work.

37. The allegations contained in Paragraph 37 are admitted.

38. The allegations contained in Paragraph 38 are admitted, except that the implication that this was the first notification to the plaintiff that she was being terminated is denied.

39. The defendant admits that Dr. Neugebauer sent Dr. Botti a letter on December 20, 2019 terminating her effective January 31, 2020, and refers to that letter for the contents thereof.

40. The allegations contained in Paragraph 40 are admitted.

41. The defendant admits that the plaintiff provided a letter from her health care provider dated January 8, 2020 and refers to that letter for the contents thereof. The defendant further admits that, consistent with the plaintiff's health care provider's statement as to how long the plaintiff would need to be out or work, the defendant extended the plaintiff's medical leave through January 12, 2020.

42. The defendant admits that the plaintiff provided a letter from her health care provider dated January 15, 2020 and refers to that letter for the contents thereof.

43. The allegations contained in Paragraph 43 are denied, except that defendant admits that after she was informed of her termination, Dr. Botti was asked to collect the data on her unfinished work so that others could finish the project that should have already been completed by Dr. Botti.

44-45. The allegations contained in Paragraphs 44 and 45 are denied, except to admit that Dr. Botti was on an unpaid medical leave and was staying at home without working during that leave. It is further admitted that Dr. Botti was asked to provide certain information during her medical leave which would be of assistance to her lab coworkers in light of her impending departure from the lab. It is also admitted that Dr. Botti was not paid during her unpaid leave, since she was not eligible for short term disability coverage pursuant to the terms of her employment with the defendant.

46. The defendant admits that Dr. Burger sent an e-mail to the plaintiff on January 15, 2020 and refers to that e-mail for the contents thereof.

47. The allegations contained in Paragraph 47 are denied.

48. The allegations contained in Paragraph 48 are admitted.

49. The allegations contained in Paragraph 49 are denied, except to admit that the defendant did not re-hire the plaintiff after January 31, 2020.

50. The allegations contained in Paragraph 50 are admitted.

**Count One – FMLA Interference and Retaliation in Violation of 29 U.S.C. § 2611, et seq.**

1-50. The defendant incorporates the responses to Paragraphs 1 through 50 as the responses to Paragraphs 1-50 of Count One.

51-53. The allegations contained in Paragraphs 51, 52, and 53 are admitted.

54. The defendant admits that Dr. Botti was employed at Yale for at least twelve months prior to her unpaid FMLA leave, but denies knowledge or information sufficient to form a belief as to the truth of the allegation that she worked at least 1250 hours since the University does not keep records of the number of hours worked.

55. The defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55, and therefore leaves the plaintiff to her proof.

56. The defendant admits that the plaintiff took an unpaid leave after being informed that she was being terminated.

57-62. The allegations contained in Paragraphs 57 through 62 are denied.

**Count Two – Americans with Disabilities Act, 42 U.S.C. § 12102(1)**

1-50. The defendant incorporates the responses to Paragraphs 1 through 50 as the responses to Paragraphs 1-50 of Count Two.

51. The allegations contained in Paragraph 51 are admitted.

52. The defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 52, and therefore leaves the plaintiff to her proof.

53-62. The allegations contained in Paragraphs 53 through 62 are denied.

**Count Three – Violation of Conn. Gen. Stat. § 46a-60(a)(1)**

1-50. The defendant incorporates the responses to Paragraphs 1 through 50 as the responses to Paragraphs 1-50 of Count Three.

51. The allegations contained in Paragraph 51 are admitted.

52. The defendant denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraphs 52, and therefore leaves the plaintiff to her proof.

53-58. The allegations contained in Paragraphs 53 through 58 are denied.

**Count Four – Violation of FLSA 29 U.S.C. § 201, et seq.**

1-50. The defendant incorporates the responses to Paragraphs 1 through 50 as the responses to Paragraphs 1-50 of Count Three.

51. The allegations contained in Paragraphs 51 through 54 are admitted.

55-61. The allegations contained in Paragraphs 55 through 61 are denied.

**Count Five – Breach of Contract**

1-50. The defendant incorporates the responses to Paragraphs 1 through 50 as the responses to Paragraphs 1-50 of Count Three.

51-52. The allegations contained in Paragraphs 51 and 52 are admitted.

53-55. The allegations contained in Paragraphs 53, 54, and 55 are denied.

## SPECIAL DEFENSE AS TO COUNT THREE

The claims asserted under the Connecticut Fair Employment Practices Act in Count Three are barred by the statute of limitations contained in Conn. Gen. Stat. § 46a-82f, because the plaintiff did not file a complaint with the Connecticut Commission on Human Rights and Opportunities within 180 days of the termination of her employment.

THE DEFENDANT,

YALE UNIVERSITY

By: /s/ Patrick M. Noonan
PATRICK M. NOONAN – CT00189
DONAHUE, DURHAM & NOONAN, P.C.
Concept Park
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  (203) 458-9168
Fax:  (203) 458-4424
Email:  pnoonan@ddnctlaw.com

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.

/s/
Patrick M. Noonan
